**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **Kathy Packett,**<br><br>                    **Plaintiffs,**<br><br>**v.**<br><br>**Capital One Services, LLC,**<br>**Capital One Financial Corporation, and**<br>**Capital One, National Association,**<br><br>                **Defendants.** | **CIVIL ACTION NO.  3:20-cv-404-MHL** |

**<u>AMENDED COMPLAINT</u>[1]**

Plaintiff Kathy Packett ("Packett") respectfully moves for judgment against Defendants

Capital One Services, LLC, Capital One Financial Corporation and Capital One, National

Association (collectively "Capital One" or "Defendants"):

**<u>Introduction</u>**

1.      This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of

1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA"). Although Plaintiff intended to bring this

as a collective action under 29 U.S.C. § 216(b), the Court's decision on June 8, 2020 in <u>Stirnweis</u>

<u>v. Capital One Services, LLC, et al.</u>, Case No. 19-cv-637 precludes such an action.

**<u>Jurisdiction and Venue</u>**

2.      This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) in that the Plaintiff

may bring this action in any appropriate United States District Court.

---

[1] This Complaint is an Amendment to a prior Complaint that Plaintiff filed jointly with another Plaintiff in <u>Petruzzi,</u>
<u>et al., v. Capital One Services, LLC, et al.</u>, Case No. 3:19-cv-443. This case was severed from <u>Petruzzi</u> pursuant to
Rule 21.

3.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4.      Capital One is subject to personal jurisdiction in the Commonwealth of Virginia.

**Parties**

5.      Packett is a resident of Virginia who was employed by Capital One until July 2018, most recently as a Process Manager.  Plaintiff was an "employee" as defined in the FLSA.

6.      Capital One Services, LLC is a foreign corporation, which has its principal office in Virginia.

7.      Capital One Financial Corporation is a foreign corporation, which has its principal office in Virginia.

8.      Capital One, National Association is a foreign corporation, which has its principal office in Virginia.

9.      On information and belief, the Defendants are related entities in the financial products and services industry. According to filings with the Virginia State Corporation Commission, the Defendants list their principal office as being located at 1680 Capital One Drive, McLean, Virginia 22102 and share the same registered agent.  Plaintiff is currently unable to determine the precise corporate structure and relationship between Defendants.  Defendants are an "employer" as defined by the FLSA.

**Facts**

10.      Packett was hired by a predecessor company of Capital One in 1997 and worked continuously for the same employer until her termination from Capital One on July 9, 2018.

11.      During the time frame relevant to this lawsuit, Packett worked as a Senior Process

2

Manager for Capital One

12.     Packett worked mainly from Capital One's West Creek office complex in Goochland County, Virginia.  She also worked in other domestic locations for weeks at a time on Capital One business, and also worked remotely from home.

13.     Packett's duties involved working with vendors of Capital One to ensure compliance and performance standards set by Capital One were being met.

14.     Packett's primary duties involved communicating Capital One's policies, procedures, and standards of performance to vendors; evaluating vendor performance metrics to determine whether they were complying with Capital One's policies, procedures, and standards; gathering metrics on vendor performance, and comparing vendor performance to Capital One's vendor standards.

15.     In performing these primary duties Packett sent or received over a hundred emails per day, participated in numerous meetings, and often traveled to work at the vendor's worksite.

16.     Packett did not supervise two or more full-time employees during the last seven years of her employment with Capital One.

17.     Packett regularly worked in excess of 40 hours per week.

18.     Packett typically worked in excess of 50 or 60 hours per week including time worked at the office, working remotely, working on weekends, working during meal periods, traveling domestically and working at vendor worksites or from her hotel.

19.     Packett was terminated by Capital One in July 2018.

### Process Manager Duties

20.     Process Managers are not required to exercise discretion or independent judgment involving matters of significance in carrying out their "process management" duties.

21.     Plaintiff and other similarly situated Process Managers did not perform as a primary duty managerial tasks over other employees, such as: interviewing, selecting, or training employees; setting employees' schedules or hours of work; directing employees' work; appraising employee productivity and efficiency; handling employee complaints and grievances; or disciplining employees.

22.     Plaintiff and other similarly situated Process Managers  did not perform work directly related to the management or general business operations of Capital One or its customers such as: banking, finance, accounting, information technology, setting of business policies, planning, negotiating, purchasing, promoting sales, business research, or other duties relating to running Capital One's business.

23.     Process Managers duties involved monitoring Capital One's vendors.

24.     Capital One is not engaged in the general business of monitoring vendors.

25.     Plaintiff and other similarly situated Process Managers did not perform work requiring advance knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

26.     Plaintiff and other similarly situated Process Managers:

        a.      did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

        b.      did not have authority to waive or deviate from established policies and procedures;

        c.      did not have authority to commit Defendants in matters that have significant financial impact;

        d.      did not have authority to negotiate and bind Defendants on significant

4

matters; and

      e.     was not involved in determining Capital One's long- or short-term

business objectives.

27.     Based on the nature of Plaintiff's job duties, there is no FLSA exemption that

applies to preclude her or other non-supervisory Process Managers from being paid one and one-

half times their regular rate of pay for all hours worked in excess of 40 per week.

28.     Capital One paid Plaintiff on a salary basis, and classified them and other Process

Managers as exempt from receiving overtime under the FLSA.

29.     Capital One did not require Plaintiff to keep precise track of their hours worked.

30.     Capital One does not have accurate timekeeping records of the exact hours

worked by Plaintiff or other Process Managers.

31.     Capital One issued Plaintiff and other Process Managers iPhones and take-home

laptops so that she could perform work for Capital One's benefit remotely and at all hours.

32.     Capital One did not pay Plaintiff any overtime premium for hours each worked

over 40 per week.

33.     Capital One knew or should have known that Plaintiff was working overtime

hours without being paid.

34.     Capital One received benefit of the work performed by Plaintiff.

35.     Capital One is in possession of records (such as log-in records, emails, and instant

messaging systems) which should reflect that Plaintiff was performing work for Capital One in

excess of 40 hours per week.

36.     Plaintiff sent and received work emails before and after the regular work day.

37.     Defendants willfully violated the FLSA by misclassifying Plaintiff and other

Process Managers as exempt under the FLSA in order to avoid paying overtime.

38.    At all relevant times Defendants intended to deprive Plaintiff of the overtime pay each was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

## Count 1 – FLSA Overtime

39.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

40.    At all times relevant herein, Plaintiff was an "employee" of Capital One as that term is defined by 29 U.S.C. §203(e)(1).

41.    At all times relevant herein, Capital One was an "employer" of the Plaintiff as that term is defined by 29 U.S.C. §203(d).

42.    At all relevant times herein Plaintiff was not exempt from the overtime pay requirements of the FLSA, and was entitled to receive overtime pay under the FLSA for all time worked beyond forty (40) hours in a workweek.

43.    Capital One failed to pay Plaintiff her overtime rate of pay for the time she worked beyond forty (40) hours in a workweek.

44.    At all times relevant herein, Capital One was aware of the overtime requirements of the FLSA.

45.    At all times relevant herein, Capital One knew or should have known that Plaintiff did not qualify for an exemption to the overtime pay requirements of the FLSA.

46.    Capital One's failure to pay overtime compensation to the Plaintiff was willful and not in good faith.

## **FLSA Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendants:

    A.    money damages for all unpaid overtime compensation;

    B.    liquidated damages in an amount equal to all unpaid overtime owed to plaintiff;

    C.    pre-judgment and post-judgment interest;

    D.    reasonable attorney's fees and costs expended in the prosecution of this case;

    E.    any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

Respectfully submitted,
**Kathy Packett,**
Plaintiff

By:_____/s/_____
Craig Juraj Curwood (VSB No. 43975)
Attorney for Plaintiff
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
Email: ccurwood@curwoodlaw.com

7

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of June 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/EFC system, which will then send a notification of such filing (NEF) to the following:

> Rodney A. Satterwhite, Esq.
> Christopher M. Michalik, Esq.
> Summer L. Speight, Esq.
> Igor M. Babichenko, Esq.
> McGuire Woods LLP
> Gateway Plaza
> 800 East Canal Street
> Richmond, VA 23219
> (804) 775-1098 (telephone)
> rsatterwhite@mcguirewoods.com
> *Counsel for Defendants*

> By:  /s/ Craig J. Curwood